IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LESTER BRENSON,**

**Plaintiff,**

v.

**HOLTEN MEAT, INC.,**

**Defendant.**                                                                No. 04-CV-0766-DRH

ORDER

**HERNDON, District Judge:**

Pending before the Court are Plaintiff's motion in limine (Doc. 33) and Defendant's motion in limine (Doc. 35). Based on the following, the Court **GRANTS in part** and **DENIES in part** the motions.

Plaintiff moves in limine to exclude the following: (1) any testimony or other evidence regarding Defendant's request that Plaintiff provide Defendant with copies of his Nerve Conduction Velocity (NCV) or Electromyography (EMG) test results, or Plaintiff's failure to provide Defendant with copies of those test results; (2) any testimony or evidence regarding any deficiencies in Plaintiff's work performance or any disciplinary actions taken against Plaintiff by Defendant prior to Plaintiff's termination; (3) any testimony or evidence regarding Defendant's withholding of wages from Plaintiff's paycheck as a result of past due child support or any other reason; (4) any testimony or other evidence regarding Plaintiff's termination from any prior job; (5) any testimony or evidence that Plaintiff received

unemployment benefits after his termination by Defendant; and (6) any testimony or evidence regarding Plaintiff's failure to utilize the grievance or arbitration procedures contained in the collective bargaining agreement between Defendant and the United Food & Commercial Workers Union, Local 655.

Defendant does not object to requests 3, 4 and 5. Thus, the Court **GRANTS** Plaintiff's motion in limine as to requests 3, 4, and 5. The Court **BARS** the following: any testimony or evidence regarding Defendant's withholding of wages from Plaintiff's paychecks as a result of past due child support or any other reason; any testimony or other evidence regarding Plaintiff's termination from any prior job; and any testimony or evidence that Plaintiff received unemployment benefits after his termination by Defendant.

However, Defendant does object to requests 1, 2 and 6. After reviewing the pleadings, the Court **DENIES** Plaintiff's requests as to 1, 2 and 6. Depending on how the evidence actually comes in at trial and given the totality of the evidence, it appears to the Court that the remaining issues Plaintiff wishes to exclude are relevant and more probative than prejudicial. As to the Federal Regulations and Forms to be submitted in request 1, the Court would consider giving an appropriately worded jury instruction. Thus, the Court **GRANTS in part** and **DENIES in part** Plaintiff's motion in limine.

Next, Defendant moves in limine to exclude the following: (1) evidence as to Holten's lack of an offer for Brenson to return to first shift; (2) Evidence of pain and suffering; (3) evidence of emotional harm; and (4) evidence of medical issues

subsequent to termination.  Plaintiff objects to all of Defendant's requests.  After, reviewing the pleadings, the Court **GRANTS in part** and **DENIES in part** Defendant's motion.

First, Defendant moves to exclude of Holten's lack of an offer for Brenson to return to the first shift.  The Court **DENIES** this request.  The Court finds that this issue is inappropriate for a motion in limine.  Defendant wants the Court to tell Plaintiff that he has to testify a certain way.  The Court cannot do this.  Plaintiff will testify to what he believes is the truth.  If Defendant disagrees with Plaintiff's version of the facts, Defendant can present impeachment evidence.

Next, Defendant moves the Court to exclude evidence of pain and suffering and emotional harm.  In response, Plaintiff states that he does not intend to present any evidence at trial or seek damages for any emotional harm that he has suffered, however, Plaintiff contends that evidence of physical pain and suffering is clearly relevant to his claim.  The Court agrees with Plaintiff and **DENIES** the motion as to physical pain and suffering and **GRANTS** as to the emotional harm.  The Court finds that evidence of physical pain and suffering is relevant to Plaintiff's claim.  He is required to demonstrate that he had a serious health condition that made him unable to perform his job duties. Evidence that Plaintiff experienced pain in his hands and wrists as a result of his carpal tunnel syndrome is relevant to the issue of whether he had a serious health condition within the meaning of the Family and Medical Leave Act and whether he was able to perform his job as a result of that condition.

Next, Holten moves to exclude evidence of medical issues subsequent to termination.  Plaintiff objects arguing that there is no basis for Defendant's argument.  The Court **DENIES** the motion to the extent that Plaintiff can show the relevance of this evidence.  Thus, the Court **GRANTS in part** and **DENIES in part** Defendant's motion in limine (Doc. 35).

Accordingly, the Court **GRANTS in part** and **DENIES in part** both Plaintiff's motion in limine (Doc. 33) and Defendant's motion in limine (Doc. 35)

**IT IS SO ORDERED.**

Signed this 1st day of December, 2005.

/s/          David RHerndon
United States District Judge